**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

CASE NO. 0:24-cv-60834-AHS

WERNER JACK BECKER, DANA
GUIDA, individually and on behalf of others
 similarly situated,

      Plaintiffs,

v.

CITIGROUP INC. d/b/a CITIBANK and
CITIBANK, N.A.,

      Defendants.

_____/

## JOINT SCHEDULING REPORT

Plaintiffs Werner Jack Becker and Dana Guida ("Plaintiffs") and Defendants Citigroup Inc. and Citibank, N.A. ("Defendants"), by and through their respective undersigned counsel, and in accordance with Local Rule 16.1(a), affirm that the undersigned counsel met via video conference on June 17, 2024 at 12 p.m. and hereby submit this proposed Joint Scheduling Report.

## LOCAL RULE 16.1(b) SCHEDULING REPORT INFORMATION

**A.**    **Likelihood of Settlement**

The Parties have discussed the possibility of settlement and will continue to explore the possibility of settlement.

**B.**    **Likelihood of Appearance in the Action of Additional Parties**

The Parties believe that it is unlikely that they will need to join any other Parties.

C.      **Proposed Limits on the Time**

Defendants are in the process of preparing their response to the Complaint, which may include motion practice pursuant to Rule 12.  Defendants may seek relief from the Court staying, deferring, or limiting discovery pending resolution of any such motion. Plaintiffs are amenable to pursuing only class-based discovery first while the Court considers Defendants' Rule 12 motion (should Defendants file one), but without prejudice to later seeking merits-based discovery, should the motion remain pending, in order to preserve the schedule that the Court enters.  Defendants reserve all rights with respect to Plaintiffs' suggestion concerning potential class-based discovery and with respect to any other proposals concerning whether and what type of discovery should occur pending resolution of any Rule 12 motion.

Subject to Defendants' reservation of rights to seek relief staying, deferring, or limiting discovery and concerning Plaintiffs' class-based discovery proposal, the Parties propose that the schedule in this case incorporate the Complex Track timetable affording 365 days from the date of the Scheduling Order to complete discovery. Defendants contend that this putative class action case purports to assert complex and novel claims and legal theories, involving not only the parties, but also non-party financial institutions, all set against the complex legal and regulatory environment governing the banking system.

| Deadline | Date |
|---|---|
| Initial Disclosures pursuant to Rule 26(a) | July 31, 2024 |
| Parties shall agree upon a mediator and notify the Clerk's Office | July 25, 2024 |
| Joinder of any additional parties and amendment of pleadings | August 10, 2024 |
| Parties shall agree upon ESI protocols and submit any proposed protective order governing the exchange of confidential information | July 31, 2024 |

| Deadline | Date |
|---|---|
| Written lists containing the names and addresses of all fact witnesses intended to be called at trial | January 24, 2025 |
| Plaintiffs shall file motion for class certification (if any) | 90 days from Answer or December 15, 2024, whichever is sooner |
| Fact discovery shall be completed | March 20, 2025 |

| | |
|---|---|
| **Plaintiffs propose the below schedule for expert reports. Plaintiffs believe that simultaneous opening and rebuttal reports are more efficient and consistent with this Court's practice.[1] In addition, Defendants' staggered proposal grants Defendants far more time for their rebuttal reports (6 weeks) than it does for Plaintiffs (2 weeks):** | |
| Parties shall disclose experts, expert witness summaries, and reports as required by Fed. R. Civ. P. 26(a)(2) | March 20, 2025 |
| Exchange of rebuttal expert witness summaries and reports as required by Fed. R. Civ. P. 26(a)(2) | May 2, 2025. |
| **Defendants propose the below schedule for expert reports, which provides for staggered disclosure. Plaintiffs bear the burden of proof on their claims, and therefore should disclose experts first so that Defendants' expert reports can address the opinions offered by Plaintiffs' experts.  This Court has previously entered scheduling orders providing for staggered disclosure.[2]** | |
| Plaintiffs shall disclose experts, expert witness summaries, and reports as required by Fed. R. Civ. P. 26(a)(2) | March 20, 2025 |
| Defendant shall disclose experts, expert witness summaries, and reports as required by Fed. R. Civ. P. 26(a)(2) | April 17, 2025 |

---

[1] *See, e.g.*, *Flannery v. Spirit Airlines, Inc.*, Doc. 33, 22-cv-61651-AHS (Aug. 24, 2023); *Van Lehn v. Uncle Al's Sports Café Sunrise, Inc.*, Doc. 29, 22-cv-61628-AHS (Nov. 17, 2022); *SEC v. MJ Capital Funding, LLC*, Doc. 77, 21-cv-61644 (Oct. 13, 2021); *Munro v. Fairchild Tropical Botanic Garden, Inc.*, Doc. 75, 20-cv-20079-AHS (Aug. 24, 2020); *Villarino v. Pacesetter Personnel Service, Inc.*, Doc. 136, 20-cv-60192-AHS (Feb. 20, 2020).

[2] *See, e.g.*, *Ali v. RWS and Assoc. Entertainment, Inc.*, Doc. 56, Case No. 23-61456-AHS (Aug. 24, 2023); *Abdelfattah v. Air America Air Conditioning, Plumbing & Electrical LLC*, Doc. 15, 0:23-cv-60295-AHS  (June 13, 2023); *Baez et al v. Midland Mortgage et al*, Doc. 79, 0:21-cv-62155-AHS (October 31, 2022); *331 South County Road Corp. et al v. Greenwich Ins. Co.*, Doc. 18,  9:20-cv-81742-AHS (November 23, 2020); *Rosado v. Atlas Apex Roofing, LLC*, Doc. 21,  0:20-cv-60808-AHS (July 14, 2020); *Affordable Aerial Photography, Inc. v. Mizner Grande Realty LLC,* Doc. 71,  9:20-cv-80173-AHS  (June 8, 2020).

| | |
|---|---|
| Exchange of rebuttal expert witness summaries and reports as required by Fed. R. Civ. P. 26(a)(2) | May 2, 2025 |
| Expert discovery shall be completed | June 25, 2025 |
| Mediation shall be completed | July 9, 2025 |
| Dispositive motions, including those regarding summary judgment and *Daubert* motions must be filed | July 15, 2025 |
| Motions *in limine* must be filed | July 15, 2025 |
| All pretrial motions and memoranda of law must be filed | July 15, 2025 |
| Joint pretrial stipulation, proposed joint jury instructions, proposed joint verdict form, and/or proposed findings of fact and conclusions of law | September 19, 2025 |
| Pretrial Conference | September 30, 2025 |
| Trial | October 2025 |

**D.      Proposals for Simplification of Issues**

Defendants have proposed to streamline the proceeding by dropping Citigroup, Inc. as a party.  Plaintiffs and Defendants are actively discussing whether dismissal of Citigroup, Inc. may be possible.  The Parties will continue to work diligently to streamline the case and eliminate unnecessary issues. Defendants may seek leave to file a dispositive or partial summary judgment motion early in the case to potentially resolve and/or significantly narrow issues for the Court and the Parties.

**E.      Necessity or Desirability of Amendments to the Pleadings**

At this time, Plaintiffs do not intend to file an Amended Complaint but may do so in response to Defendants' potential Rule 12 motion as of right. *See* Fed. R. Civ. 15(a)(1)(B). Defendants has not yet filed any pleadings and is thus unable to comment on its intent to amend a pleading.

**F.      Possibility of Obtaining Admissions of Fact and of Documents**

The Parties will use their best efforts to obtain admissions of fact and as to the authenticity of documents so that unnecessary proof and work for the Court may be avoided.  The Parties will attempt to accomplish this goal by requests for admissions, stipulations, and other discovery and pretrial means.

**G.      Suggestions for the Avoidance of Unnecessary Proof and of Cumulative Evidence**

The Parties have no joint recommendations at this time; however, counsel will meet prior to filing the pretrial stipulation to discuss suggestions for the avoidance of unnecessary proof and cumulative evidence.

**H.      Suggestions on the Advisability of Referring Matters to a Magistrate Judge or Master**

The Parties do not elect to proceed before the Magistrate Judge for trial or to enter final judgment in this case.  The Parties do not agree to proceed before a Magistrate Judge for any dispositive pretrial motions, including motions for summary judgment, motions *in limine*, and

*Daubert* motions.  The Parties respectfully request that the Court preside over all such motions and the trial of this matter.

**I.      Preliminary Estimate of the Time Required for Trial**
If a class is eventually certified and this case is tried as a class action, the Parties estimate the trial of this matter will likely require 10 days.

**J.      Suggested Date for Conferences Before Trial, Final Pretrial Conference, and Trial**
The Parties jointly request that the Court schedule the final pretrial conference for a date on or after September 1, 2025, with trial scheduled for October 2025.

**K.      Discovery, Electronically Stored Information, Federal Rules of Evidence Rule 502, and Protective Order**
Regarding depositions, interrogatories, and requests for production of documents, the Parties will follow the Local Rules and Federal Rules of Civil Procedure and adhere to the ESI Checklist for this District.

The Parties agree that the entry of a protective order will be needed to facilitate the likely production of confidential information, which may  include procedures for under seal filing which comply with Local Rule 5.4 and which will include claw-back rights pursuant to Rule 502 of the Federal Rules of Civil Procedure. The Parties will promptly negotiate in good faith the terms and conditions of such a protective order and will move the Court for entry of same as soon as is practicable.

**L.      Any Other Information That Might Be Helpful to the Court in Setting the Case for Status or Pretrial Conference**
The Parties are unaware of such information at this time but will promptly advise the Court

if such information arises.


Dated:  June 25, 2024                                    Respectfully submitted,

*/s/ Daniel J. Shapiro*                                  */s/ Eliot Pedrosa*

Daniel J. Shapiro (Fla. Bar No. 1011108)      Eliot Pedrosa, Esq.
Bryan Weir (*pro hac vice*)                         Fla. Bar No. 182443
Brandon M. Haase* (*pro hac vice*)             Angela Korge
CONSOVOY MCCARTHY PLLC                    Fla. Bar No. 125419
1600 Wilson Boulevard, Suite 700                JONES DAY
Arlington, VA 22209 (703) 243-9423             600 Brickell Ave, Suite 3300
daniel@consovoymccarthy.com                     Miami, FL 33131
bryan@consovoymccarthy.com                      Telephone: (305) 714-9700
brandon@consovoymccarthy.com                   Facsimile: (305) 713-9799
                                                                Email: epedrosa@jonesday.com
                                                                Email: akorge@jonesday.com
* Supervised by principals of the firm
admitted to practice in Virginia                       Alexander V. Maugeri (*pro hac vice*)
                                                                JONES DAY
*Counsel for Plaintiffs*                                 250 Vesey Street
                                                                New York, NY 10281-1047
                                                                Telephone: (212) 326-3880
                                                                Facsimile: (212) 755-7306
                                                                Email: amaugeri@jonesday.com

                                                                *Attorneys for Defendants Citigroup Inc. and Citibank, N.A.*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 25th day of June, 2024, I electronically filed a true and correct copy of the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to all parties at the email addresses on file with the Clerk of Court.

<u>*/s/ Eliot Pedrosa*</u>
Eliot Pedrosa