UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 0:24-cv-60834-Singhal

WERNER JACK BECKER, DANA GUIDA, individually and on behalf of others similarly situated,

    Plaintiffs,

v.

CITIGROUP INC. d/b/a CITIBANK and CITIBANK, N.A.,

    Defendants.

**DEFENDANTS' UNOPPOSED MOTION TO FILE DOCUMENT UNDER SEAL
AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Southern District of Florida Local Rules 5.4 and 7.1(d), Defendants Citigroup Inc. and Citibank N.A. ("Citibank") hereby respectfully request leave to file a document under seal in support of Citibank's forthcoming Motion to Dismiss.

**INTRODUCTION**

Both federal and Florida law protect confidential commercial and proprietary information from public disclosure. Here, Citibank is a commercial business with proprietary commercial information entitled to legal protection. This includes the commercial terms of its confidential business relationships with certain nonparties to this case. Accordingly, Citibank respectfully requests the Court to enter an Order permitting Citibank to file one such confidential, commercial agreement executed between Citibank and another financial institution under seal.

1

## ARGUMENT

Citibank seeks to seal a document to be filed in support of Citibank's forthcoming motion to dismiss that contains the type of confidential and sensitive information courts routinely prevent from disclosure to the public. Specifically, courts routinely permit confidential, commercial agreements to be filed under seal. *See, e.g.*, *Ready2Go Aviation LLC v. Galistair Trading Ltd.*, No. 23-cv-23318, 2023 WL 7545327, at *1 (S.D. Fla. Nov. 14, 2023) (granting motion to seal agreements containing "confidential commercial and financial information"); *CRubin, LLC v. Escoriaza*, No. 1:19-cv-22261, 2020 WL 2542629, at *2 (S.D. Fla. May 19, 2020) (granting motion to seal documents containing "trade secrets and other confidential information, such as attorney correspondence relating to third parties, technical infrastructure, business strategy, commercially sensitive transactional, marketing, technical, research, development, business strategy, and otherwise non-public and proprietary information"); *Donoff v. Delta Air Lines, Inc.*, No. 9:18-cv-81258, 2019 WL 2568020, at *2 (S.D. Fla. Mar. 14, 2019) (granting motion to seal because party alleged that the documents "contain[ed] trade secrets and sensitive financial information and states that public disclosure of the material therein would result in significant economic harm").

Here, in line with Southern District of Florida precedent, Citibank seeks to seal an agreement with a nonparty, which Citibank intends to file in support of its forthcoming motion to dismiss. In parallel, Citibank is filing an unsigned form of the same type of agreement, which is also attached here as Exhibit 1. However, as the Court can see, from the unsigned form, on its own terms the agreement is confidential. Exhibit 1 § 5.1. Thus, Citibank seeks leave to file a signed version of the agreement (which would disclose the terms of the agreement with the counterparty) under seal.

Courts evaluating motions to seal weigh the balance of interests between public access to the Court's docket against the legitimate privacy interests of parties and non parties. *Global Life Techs. Corp.*, *v. Medline Indus., L.P.*, No. 20-21240-CIV, 2022 WL 17324240, at *2 (S.D. Fla. Nov. 29, 2022) (holding that "a balancing of the competing interests presented by the parties weighs clearly in favor of" sealing the document where defendant "articulated material concerns about the public disclosure of what is potentially sensitive and competitive business information" and plaintiff "will receive a copy of the full declaration, and the public will have access to a redacted version filed on the Court's public docket").

Here, the balance weighs heavily in favor of sealing. On the one hand, sealing the signed agreement only minimally impacts the public right of access since an unsigned, blank form of a similar agreement is being publicly filed. On the other hand, were Citibank precluded from filing the signed version of the agreement under seal, Citibank and the nonparty counterparty to the agreement could be subject to prejudice inconsistent with the terms of the agreement they entered into, which on its face makes the terms of said agreement confidential. *See, e.g.*, *id*. at *2; *Proxicom Wireless, LLC v. Macy's, Inc.*, No. 18-cv-00064, 2018 WL 8344645, at *2 (M.D. Fla. Oct. 29, 2018) ("Allowing access to the Exhibits . . . would harm Defendants' legitimate privacy interests by exposing its business and financial information to the public, including competitors."). Accordingly, the interests of the parties weigh in favor of Citibank and, to prevent any economic harm and preclude the disclosure of Citibank's competitively sensitive information, the Court should grant this Motion to Seal.

## CONCLUSION

For the foregoing reasons, the Court should grant this Motion and seal the document to be filed in support of Citibank's Motion to Dismiss containing confidential and sensitive information.

## LOCAL RULE 7.1(a)(3) CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), undersigned counsel for Citibank certifies that they conferred with counsel for Plaintiffs via telephone on July 9, 2024, and Plaintiffs do not oppose the relief sought herein.

Dated: July 10, 2024　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　/s/ Eliot Pedrosa
　　　　　　　　　　　　　　　　　　　　Eliot Pedrosa
　　　　　　　　　　　　　　　　　　　　Florida Bar No. 182443
　　　　　　　　　　　　　　　　　　　　epedrosa@jonesday.com
　　　　　　　　　　　　　　　　　　　　JONES DAY
　　　　　　　　　　　　　　　　　　　　600 Brickell Avenue, Suite 3300
　　　　　　　　　　　　　　　　　　　　Miami, FL 33131
　　　　　　　　　　　　　　　　　　　　Telephone: (305) 714-9700
　　　　　　　　　　　　　　　　　　　　Facsimile: (305) 714-9799

　　　　　　　　　　　　　　　　　　　　Jayant W. Tambe (*admitted pro hac vice*)
　　　　　　　　　　　　　　　　　　　　Alexander V. Maugeri (*admitted pro hac vice*)
　　　　　　　　　　　　　　　　　　　　JONES DAY
　　　　　　　　　　　　　　　　　　　　250 Vesey Street
　　　　　　　　　　　　　　　　　　　　New York, NY 10281
　　　　　　　　　　　　　　　　　　　　Telephone: (212) 326-3939
　　　　　　　　　　　　　　　　　　　　Facsimile: (212) 755-7306
　　　　　　　　　　　　　　　　　　　　amaugeri@jonesday.com
　　　　　　　　　　　　　　　　　　　　jtambe@jonesday.com

　　　　　　　　　　　　　　　　　　　　Christopher Pagliarella (*admitted pro hac vice*)
　　　　　　　　　　　　　　　　　　　　JONES DAY
　　　　　　　　　　　　　　　　　　　　51 Louisiana Avenue, N.W.
　　　　　　　　　　　　　　　　　　　　Washington, D.C. 20001
　　　　　　　　　　　　　　　　　　　　Telephone: (202) 879-3939
　　　　　　　　　　　　　　　　　　　　Facsimile: (202) 626-1700
　　　　　　　　　　　　　　　　　　　　cpagliarella@jonesday.com

　　　　　　　　　　　　　　　　　　　　**Attorneys for Defendants**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 10, 2024, I electronically filed a true and correct copy of the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to all parties at the email addresses on file with the Clerk of Court.

*/s/ Eliot Pedrosa*
Eliot Pedrosa
***Attorney for Defendants***