# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-CV-60834-SINGHAL/STRAUSS**

---

**WERNER JACK BECKER,** *et al.*,

        Plaintiffs,

        v.

**CITIGROUP INC.,** *et al.*,

        Defendants.

---

## PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Federal Rule of Civil Procedure 34 and Southern District of Florida Local Rule 26.1, Plaintiffs Werner Jack Becker and Dana Guida, by and through their undersigned counsel, request that Defendants Citigroup Inc. and Citibank, N.A. respond to the following requests and produce the documents described below for inspection and copying at the offices of Consovoy McCarthy PLLC, 1600 Wilson Boulevard, Suite 700, Arlington, VA, 22209, or at such other location to which the parties mutually agree, within the time frame prescribed by the Federal Rules of Civil Procedure.

## DEFINITIONS

1.    "Citi" means Defendants collectively, their predecessors, successors, divisions, subsidiaries, and affiliates, and all present and former directors, officers, employees, agents, consultants, representatives, attorneys, and any other persons acting for or on behalf of any of these entities or individuals.

2.     "Citi ATM" means an automated teller machine located in or attached to a Citibank Branch.

3.     "Citibank Branch" means a Citibank retail bank location in the United States and its territorial possessions and does not include a free-standing Citibank ATM not attached to a Citibank retail bank location.

4.     "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

5.     "Complaint" means Plaintiffs' complaint filed in this action on May 17, 2024.

6.     "Concerning" means referring to, describing, evidencing, or constituting. Requests for documents "concerning" any subject matter include documents concerning communications regarding that subject.

7.     "Document" or "documents" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

8.     "Electronic databases" is defined to include, but is not limited to, all files maintained in any database, spreadsheet, or statistical programs, containing information sufficient to show the identities of individuals who have withdrawn funds from a Citi ATM.

9.     "Fee" or "Fees" means the out-of-network surcharges assessed to individuals who are not customers of Citi when they use a Citi ATM to withdraw funds from a financial institution outside of Citi's ATM network.

10.     "Policy" means the "Citi® ATM Community Network" program launched on July 14, 2016.

2

11. The terms "the present" or "present time" mean the date on which Your answers to these requests are filed.

12. "Relate" means consisting of, referring to, reflecting, evidencing, being in any way legally, logically, or factually connected with the matter referred to, or tending to prove or disprove the matter referred to.

13. "Relevant Period" means January 1, 2015, until the present unless otherwise indicated.

14. "You" and "Your" means Defendants Citigroup Inc. and Citibank, N.A., collectively.

## INSTRUCTIONS

1. In responding to these document requests, Citi shall produce separately all documents in Your possession, custody, or control.

2. Pursuant to Federal Rule of Civil Procedure 34(b)(2)(E), You must produce documents as they are kept in the usual course of business or organize and label them to correspond to the categories enumerated below. If a partial or incomplete production is provided, You shall state the production is partial or incomplete.

3. To the extent a document contains information that Citi asserts should be protected from disclosure (based on the attorney-client privilege, work product doctrine, or another protection) and non-privileged information, the non-privileged portions of the document must be produced. For each such document, indicate the portion of the document withheld in an appropriate location that does not obscure the remaining text.

4. If Citi claims any form of privilege or any other objection, whether based on statute, common law, or otherwise as a ground for not producing any requested document, please furnish a list identifying each document for which the privilege or other objection is claimed

3

together with the following information: date, sender, recipient, persons to whom copies were provided together with their job titles, subject matter, basis on which a privilege or other objection is claimed, and the paragraph(s) of this request to which such document responds. If Citi claims privilege or any other objection with regard to only part of a document, produce the part as to which there is no objection.

5.      If You find the meaning of any term in these Requests to be unclear, then assume a reasonable meaning, state what that assumed meaning is, and answer the request based on that assumed meaning.

6.      The term "or" is to be read in both the conjunctive and disjunctive and shall serve as a request for documents that would be responsive under a conjunctive reading in addition to all documents that would be responsive to a disjunctive reading.

7.      If there are no documents in response to a particular request, Citi's response shall say so in writing.

8.      These document requests are continuing in character and require Citi to supplement its answers if it obtains further or different information.

9.      Unless otherwise stated, these Requests pertain to documents dated from July 14, 2016, through the present.

## <u>DOCUMENT REQUESTS</u>

1.      Documents upon which Citi intends to rely on to support any denial or defense to the Complaint and to oppose class certification.

2.      Documents concerning the Policy, including, but not limited to, those relating to the design, planning, implementation, and maintenance of the Policy during the relevant period.

3.      Documents concerning how Citi determined which non-Citi financial institutions, banks, credit unions, or similar entities would qualify for Fee waivers under the Policy.

4.      Documents relating to the Policy disclosed to Citi's shareholders, employees, regulators, government agencies, legislative bodies, consumers, and the public during the relevant period.

5.      Documents sufficient to show how many times Citi charged Fees at each Citibank Branch from May 17, 2020, to the present

6.      Documents sufficient to show how many times Citi waived Fees under the Policy at each Citibank Branch from May 17, 2020, to the present

7.      Documents sufficient to show the number of distinct persons who were charged Fees at each Citibank Branch from May 17, 2020, to the present.

8.      Documents sufficient to identify the Electronic Databases from any time that include information concerning the identities of Persons Citi charged Fees from May 17, 2020, to the present.

9.      All policies, directives, and documents outlining Citi's retention of information about Fees charged to individuals who are not customers of Citi when they use a Citi ATM.

10.     All agreements and policies with other banks and financial institutions that outline Citi's and those banks' and financial institutions' obligations to share information with each other about customers who use Citi ATMs.

11.     All documents, ESI, and tangible things that You relied on or referred to when answering, or that You identified in Your answer to, each interrogatory propounded on You in this case.

Dated: July 10, 2024

Respectfully submitted,

*/s/  Bryan Weir*
Bryan Weir*
Daniel Shapiro
Brandon Haase*
CONSOVOY MCCARTHY PLLC
1600 Wilson Boulevard, Ste. 700
Arlington, VA 22209
T: 703.243.9423
bryan@consovoymccarthy.com
daniel@consovoymccarthy.com
brandon@consovoymccarthy.com

*Counsel for Plaintiffs*

*\*Admitted pro hac vice*

6

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 24-CV-60834-SINGHAL/STRAUSS

**WERNER JACK BECKER,** *et al.***,**

        Plaintiffs,

        v.

**CITIGROUP INC.,** *et al.***,**

        Defendants.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 10, 2024, I served a true and correct copy of the foregoing document via email on Defendants' counsel listed below pursuant to Federal Rule of Civil Procedure 5, Southern District of Florida Local Rule 26.1, and this Court's CM/ECF Administrative procedures, thereby serving all parties.

/s/ *Brandon Haase*
Brandon Haase (admitted *pro hac vice*)
CONSOVOY MCCARTHY PLLC
1600 Wilson Boulevard, Ste. 700
Arlington, VA 22209
T: 703.243.9423
brandon@consovoymccarthy.com

*Counsel for Plaintiffs*

Eliot Pedrosa, Esq.
Angela Korge
JONES DAY
600 Brickell Ave, Suite 3300
Miami, FL 33131
Telephone: (305) 714-9700
Facsimile: (305) 713-9799
Email: epedrosa@jonesday.com
Email: akorge@jonesday.com

Alexander V. Maugeri (*pro hac vice*)
JONES DAY
250 Vesey Street
New York, NY 10281-1047
Telephone: (212) 326-3880
Facsimile: (212) 755-7306
Email: amaugeri@jonesday.com

*Attorneys for Defendants Citigroup Inc. and Citibank, N.A*