**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

Case No. 0:24-cv-60834-Singhal

WERNER JACK BECKER, DANA
GUIDA, individually and on behalf of others
similarly situated,

        Plaintiffs,

v.

CITIGROUP INC. d/b/a CITIBANK and
CITIBANK, N.A.,

        Defendants.

**MOTION FOR EXTENSION OF TIME FOR PLAINTIFFS TO FILE MEMORANDUM
IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE AMENDED
COMPLAINT**

Pursuant to Federal Rules of Civil Procedure 6(b) and 7(b) and Local Rule 7.1(a)(1)(J),

Plaintiffs move for an order extending the time to file their opposition to Citigroup, Inc and

Citibank, N.A's motion to dismiss to October 4, 2024. Citibank has stated that it "takes no position

on plaintiffs' extension request."

    1.   Plaintiffs served Citibank with their initial complaint on May 20, 2024. Citibank's

deadline to respond was 21 days later on June 10. Citibank requested a 30-day extension—for a

total of 51 days—to file its motion to dismiss because, in Citibank's own view, this case raises

complex issues. Plaintiffs consented. *See* Doc. 9 ¶¶1-4.

2. Citibank filed its motion to dismiss on July 10. Instead of opposing the motion, Plaintiffs filed an amended complaint 21 days later pursuant to Rule 15(a)(1)(b) that added two claims to the case. *See* Doc. 36.

3. Citi filed a renewed motion to dismiss on August 14 that largely mirrors its first motion. Plaintiffs' opposition brief is currently due August 28.

4. Defendants' motion to dismiss raises several independent and novel arguments going to jurisdiction and the merits that require a comprehensive response. *See also* Doc. 43 ("[T]he Court is aware that Plaintiff is responding to a 45-page Motion to Dismiss with approximately 75 cites to authority and knows the effort both sides are placing on briefing these issues for the Court.").

5. Plaintiffs seek an extension until October 4 to file their opposition, which would give them the same 51 days that Citi received to file its first motion to dismiss.

6. There is good cause for this extension because Plaintiffs' lead counsel (Bryan Weir) has many conflicts over the next six weeks. Those conflicts are:

- **August 28, August 30, and September 11:** Three depositions of parties with an additional two expert depositions and a 30(b)(6) deposition to be take place by mid-October. *Wood et al. v. Florida Department of Education et al.*, 4:23-cv-526 (N.D. Fla.).

- **September 5:** Oral argument before the Southern District of Florida. *See Communications Workers of America, AFL-CIO, et al. v. Carpenter*, 9:24-cv-80073 (S.D. Fla.).

- **September 9:** Three separate briefs due, one of which is a dispositive motion that will be over eighty pages. *See Alianza Americas v. DeSantis*, 1:22-cv-11550 (D. Mass.).

2

- **September 13:** Pre-trial brief due for a bench trial set for October 24. *See Alachua County Education Association et al. v. Carpenter et al.*, 1:23-cv-111 (N.D. Fla.)

- **September 24:** Oral argument before the Eleventh Circuit. *See Wood v. Florida Department of Education, et al.*, 24-11239 (11th Cir.).

- **October 7:** Pre-trial reply brief due. *See Alachua County Education Association et al. v. Carpenter et al.*, 1:23-cv-111 (N.D. Fla.).

- **October 7:** Merits brief due in the Supreme Court of California.

7.   There are two additional conflicts. *First*, one of the other lead attorneys in this case is out on leave until September 3. He has an argument in trial court shortly after returning, on September 10. *See Thompson v. St. Luke's Health Network, Inc.*, 2024-C-0240 (Court of Common Pleas of Lehigh Cnty., PA). *Second*, undersigned counsel is also one of the attorneys of record in *Students for Fair Admissions v. United States Naval Academy*, 1:23-cv-2699 (D. Md.), which is set for a trial beginning September 16. Several of the attorneys participating in that trial likewise assist on this matter and it will be difficult for them to do so before that trial ends on September 27.

8.   These conflicts establish good cause for an extension until October 4 for Plaintiffs to file their opposition brief. Given the numerous other briefs, hearings, and depositions over the next six weeks, it would be very difficult for Plaintiffs to file their opposition without the requested extension despite counsel's diligence.

9.   There is also no prejudice to Citibank for granting an extension. Plaintiffs seek the same amount of time to file their opposition as Citibank had to draft and file its first motion to dismiss—

an extension to which Plaintiffs consented. In addition, the Court has stayed discovery until a ruling on Citibank's motion.[1]

10.  Plaintiffs conveyed the above conflicts and reasons for this request to Citibank and asked for its consent. Citibank responded that it "takes no position on plaintiffs' extension request." Citibank also provided Plaintiffs the following paragraph to include in this motion:

> "Citibank does not oppose a reasonable extension of time for plaintiffs to oppose the pending motion but cannot agree to the lengthy extension they seek.  Citibank's counsel, Mr. Pedrosa, is starting a 3-week jury trial in Pasco County, Florida on October 7, 2024, and Plaintiffs' proposal would, under the local rules, impose a deadline for Citibank to file its reply brief in the middle of Mr. Pedrosa's trial. Citibank therefore requests that, if the Court is inclined to grant Plaintiffs' request, the Court also extend the time for Citibank's reply brief to November 4, which is 6 business days after Mr. Pedrosa's trial is set to conclude.  Citibank recognizes that these combined extensions exceed what the Court may normally be inclined to consider, and therefore, in the event the Court is inclined to deny or limit Plaintiffs' requested extension, Citibank requests that Plaintiffs' deadline to respond be set for no later than September 24 (which amounts to a 27-day extension of the current August 28th deadline) and the deadline for Citibank's reply brief be set for October 4 (which amounts to a 3-day extension of the deadline otherwise imposed by the local rules)."

11.  Plaintiffs consent to Citibank's request to file its reply by November 4.

---

[1] After reviewing Citibank's renewed motions to dismiss and to stay discovery, Plaintiffs offered to agree to a discovery stay on the condition that Citibank provide very limited discovery in the interim. The Court granted the discovery stay while Citibank was considering that proposal.

For these reasons, Plaintiffs respectfully request this Court enter an order extending Plaintiffs' time to respond to Citi's motion to dismiss to October 4 and Citi's reply to November 4.

**LOCAL RULE 7.1(a)(3) CERTIFICATION**

I HEREBY CERTIFY that counsel for Plaintiffs have conferred with counsel for Defendants and that Defendants provided their position in paragraph 10 above.

Respectfully submitted,

Dated: August 23, 2024

/s/ *Daniel J. Shapiro*
Daniel J. Shapiro (Fla. Bar No. 1011108)
Bryan Weir (*pro hac vice*)
Brandon M. Haase* (*pro hac vice*)
CONSOVOY MCCARTHY PLLC
1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
(703) 243-9423
daniel@consovoymccarthy.com
bryan@consovoymccarthy.com
brandon@consovoymccarthy.com

* Supervised by principals of the firm
admitted to practice in Virginia

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 23, 2024, I electronically filed a true and correct copy of the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to all parties at the email addresses on file with the Clerk of Court.

/s/  *Daniel Shapiro*